[Cite as *State v. Rugg*, 2026-Ohio-2905.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
PERRY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>JORDAN RUGG,<br><br>    Defendant - Appellant | Case No. 25-CA-00013<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Perry County Court of Common Pleas, Case No. 24-CR-075<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry:  July 27, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** ANDY WILSON, Attorney General, ANDREA K. BOYD, Assistant Attorney General, for Plaintiff-Appellee; SAMUEL H. SHAMANSKY, DONALD L. REGENSBURGER, ASHTON C. GAITANOS, KATHERINE R. CLARK, for Defendant-Appellant.

*Baldwin, J.*

{¶1} The appellant, Jordan Rugg, appeals the judgment entry of the Perry County Court of Common Pleas revoking his community control and imposing two fifteen-month prison terms, to be served consecutively to one another and consecutively to the prison term imposed in Muskingum County Court of Common Pleas Case No. CR2024-0790. The appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} On March 31, 2025, the appellant entered guilty pleas to one count of Theft, in violation of R.C. 2913.02(A)(1) and (B), and one count of Telecommunications Fraud, in violation of R.C. 2913.05(A), (B), and (C).

{¶3}   The trial court imposed four years of community control. The sentencing entry advised the appellant that upon a violation, the trial court could impose a prison term of up to eighteen months on each offense and could impose consecutive sentences at a future revocation hearing.

{¶4}   At the time, the appellant was also subject to community-control supervision in Fairfield County, Ohio. On April 30, 2025, the Muskingum County Court of Common Pleas placed the appellant on community control following convictions for vandalism, tampering with evidence, and theft.

{¶5}   On August 20, 2025, the State filed a motion alleging that the appellant violated the conditions of his Perry County community control. The motion alleged that the appellant admitted using methamphetamine and alcohol on July 8, 2025, and refused a hair-follicle test. The same conduct resulted in proceedings in the other counties in which the appellant was under supervision.

{¶6}   Before the Perry County revocation hearing, the Muskingum County Court of Common Pleas revoked the appellant's community control and imposed an aggregate prison term of forty-eight months, later modified as discussed below. Fairfield County also issued a holder based upon an alleged community-control violation.

{¶7}   On August 26, 2025, the appellant admitted the violation. The trial court accepted the admission, revoked community control, and imposed fifteen months for theft and fifteen months for telecommunications fraud to be served consecutively to each other and consecutively to the prison term imposed in Muskingum County Court of Common Pleas Case No. CR2024-0790. At the hearing and in its judgment entry, the court found consecutive sentences were necessary to protect the public from future crime and to punish the appellant,

that they were not disproportionate to the seriousness of his conduct and the danger he posed to the public, and that consecutive sentences were necessary because his history of criminal conduct demonstrated a need to protect the public from future crime.

{¶8} The appellant filed a timely appeal and raises the following three assignments of error:

{¶9} "I. THE TRIAL COURT'S ORDER THAT THE SENTENCES IMPOSED IN THIS CASE ARE TO BE SERVED CONSECUTIVELY TO ANOTHER CASE IS IMPERMISSIBLE UNDER OHIO LAW."

{¶10} "II. THE TRIAL COURT FAILED TO ENGAGE IN THE STATUTORY ANALYSIS REQUIRED BY R.C. 2929.14(C)(4) BEFORE ORDERING THAT APPELLANT'S SENTENCES BE SERVED CONSECUTIVELY."

{¶11} "III. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD IN THIS MATTER."

## I., II.

{¶12} In his first and second assignments of error, the appellant argues that the trial court erred by ordering the sentences imposed in this case to be served consecutively to a separate case and failed to engage in the required statutory analysis. We disagree.

### STANDARD OF REVIEW

{¶13} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing, if it clearly and convincingly finds either that the record does not support the sentencing

court's findings under R.C. 2929.14(C)(4) or that the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶22. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶14} The Supreme Court of Ohio addressed review of consecutive sentences in *State v. Bonnell*, 2014-Ohio-3177, stating:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶28.

## ANALYSIS

### Authority to Impose Sentence Consecutive to Another Case

{¶15} The appellant argues that R.C. 2929.14(C)(4) authorizes consecutive service only between specifically identified prison terms, not between one case and another case as a

whole. He maintains the trial court's reference to Muskingum County Case No. CR2024-0790 was insufficient because it did not identify a particular count or prison term within that case. We are not persuaded.

{¶16} R.C. 2929.14(C)(4) permits consecutive service when the required findings are made. Nothing in that statute requires a later sentencing court to restate or itemize the count-by-count structure of a previously imposed sentence before ordering consecutive service. The statute's proportionality inquiry, whether consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, is directed at the aggregate sentencing reality the offender faces, not at parsing the internal composition of another court's sentence. A reference to the case in which an existing prison term was imposed sufficiently identifies the object of consecutive service for purposes of that analysis.

{¶17} Ohio law confirms this understanding. A trial court, after making the required findings, may order a prison term consecutive to a prison term previously imposed upon the same offender by another Ohio court. *State v. Jones*, 2022-Ohio-4485, ¶12, citing *State v. Bates*, 2008-Ohio-1983, ¶1. After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Jackson*, 2020-Ohio-1606, ¶36 (8th Dist.). Sentencing courts routinely describe such an order by reference to the other case in which the existing prison term was imposed, and that practice is consistent with the statutory framework.

{¶18} The reference to the Muskingum County case did not create an indeterminate sentence. At the time of the Perry County revocation hearing, the Muskingum County court

imposed a definite aggregate prison term of forty-eight months. The Perry County entry plainly ordered the appellant's aggregate thirty-month prison term in this case to begin after the existing Muskingum County prison term. Nothing in R.C. 2929.14(C)(4) requires the later sentencing court to restate the count-by-count structure of a previously imposed sentence before ordering consecutive service.

{¶19} Nor does the subsequent disposition of the appellant's Muskingum County appeal render the Perry County order unlawful. In *State v. Rugg*, 2026-Ohio-1010 (5th Dist.), this Court vacated the consecutive nature of the Muskingum County sentences because the Muskingum County court had not given the notice required when it originally imposed community control. See *State v. Brooks*, 2004-Ohio-4746, paragraph two of the syllabus. That decision altered the internal relationship among the Muskingum County terms; it did not eliminate the prison terms themselves or deprive the Perry County court of authority to order the sentence in this case consecutive to the sentence imposed in the Muskingum County case.

{¶20} Unlike the Muskingum County proceeding, the Perry County sentencing entry expressly notified the appellant when community control was imposed that consecutive sentences could be imposed upon revocation.

{¶21} Accordingly, the trial court did not err by ordering the prison terms imposed in this case to be served consecutively to the sentence imposed in another case.

### Adequacy of the Trial Court's Findings

{¶22} R.C. 2929.14(C)(4) permits consecutive service if the trial court finds: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the

offender's conduct and the danger the offender poses to the public; and (3) one of the findings in R.C. 2929.14(C)(4)(a), (b), or (c) applies.

{¶23} Here, the trial court stated at the revocation hearing that consecutive sentences were necessary to protect the public from future crime and to punish the appellant; that they were not disproportionate to the seriousness of his conduct and the danger he posed; and that they were necessary because his history of criminal conduct demonstrated the need to protect the public from future crime. The court incorporated materially identical findings into the judgment entry.

{¶24} The appellant focuses on the trial court's use of the phrase "consecutive sentences are necessary" rather than "consecutive service is necessary," and on its use of "and" where the statute uses "or." Neither variation demonstrates the court failed to perform the statutory analysis.

{¶25} *Bonnell* rejects a talismanic-incantation requirement. The question is whether the record permits us to discern the required findings. It plainly does. The court addressed necessity, proportionality, and the appellant's history of criminal conduct. Its use of "and" imposed a more demanding formulation than the statutory disjunctive; a finding that consecutive terms were necessary both to protect the public and to punish the appellant necessarily includes the statutory finding that they were necessary for at least one of those purposes.

{¶26} This Court has likewise recognized that a trial court's reference to "consecutive sentences" instead of "consecutive service" does not invalidate otherwise complete findings. *State v. Anderson*, 2026-Ohio-591, ¶¶20-22 (5th Dist.). The terms were used in their ordinary

sentencing context, and there is no reasonable ambiguity concerning the court's determination.

{¶27} Because the trial court made each finding required by R.C. 2929.14(C)(4) at the revocation hearing and incorporated the findings into its entry, the sentence is not contrary to law on this basis.

{¶28} The appellant's first and second assignments of error are overruled.

### III.

{¶29} In his third assignment of error, the appellant argues that the trial court's imposition of consecutive sentences was clearly and convincingly unsupported by the record. We disagree.

### STANDARD OF REVIEW

{¶30} Again, under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing, if it clearly and convincingly finds either that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) or that the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶22. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

{¶31} The Supreme Court of Ohio addressed review of consecutive sentences in *State v. Bonnell*, 2014-Ohio-3177, stating:

On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id*. at ¶28. An appellate court must defer to a trial court's consecutive-sentence findings and may vacate or modify those findings only if it clearly and convincingly finds the record does not support them. *State v. Gwynne*, 2023-Ohio-3851, ¶5.

## ANALYSIS

{¶32} The appellant contends that a single admitted instance of methamphetamine and alcohol use, coupled with refusal of a hair-follicle test, cannot support consecutive sentences. He also emphasizes that the trial court initially found him amenable to community control and argues the court mistakenly believed he had failed to pay restitution.

{¶33} The record does not clearly and convincingly fail to support the findings. The appellant's violation occurred less than five months after the Perry County court placed him on community control. At the time of the violation, he was simultaneously under community-control supervision in Perry, Fairfield, and Muskingum Counties. The same conduct triggered revocation proceedings in multiple jurisdictions. By the Perry County hearing, Muskingum

County had revoked community control and imposed a prison term, and Fairfield County had issued a holder.

{¶34} The trial court was not required to treat the violation as an isolated act divorced from the appellant's broader record. R.C. 2929.14(C)(4)(c) permits consecutive sentences when the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The appellant's multiple recent convictions, overlapping supervision in three counties, prompt return to methamphetamine and alcohol use, refusal of testing, and failure to comply despite several opportunities for community-based sanctions support the court's determination that consecutive terms were necessary to protect the public and punish the offender.

{¶35} The appellant's reliance on the restitution discussion does not change the result. The revocation hearing transcript reflects that the appellant disputed the nonpayment claim at the hearing, the court acknowledged uncertainty and stated it would verify the matter, and the court proceeded to announce sentence without resolving the dispute or linking the restitution issue to its consecutive sentencing findings. The appellee's motion did not charge nonpayment of restitution as the community-control violation, and the trial court's written consecutive-sentence findings did not identify restitution as their basis. Although the docket apparently showed that the appellant had deposited funds with the clerk before the revocation hearing, the appellant's criminal and supervision history independently supports the statutory findings without reference to restitution.

{¶36} The appellant has not demonstrated clearly and convincingly that the record fails to support the trial court's consecutive sentence findings. His simultaneous violation of community control in three jurisdictions, his criminal history, and his prompt return to drug

use within five months of sentencing provide substantial record support for the findings. The restitution issue played no discernible role in the consecutive sentencing analysis the court actually conducted.

{¶37} Accordingly, the appellant's third assignment of error is overruled.

## CONCLUSION

{¶38} Based upon the foregoing, the judgment of the Perry County Court of Common Pleas is hereby affirmed.

{¶39} Costs to the appellant.

By: Baldwin, J.

King, P.J. and

Gormley, J. concur.